THE STATE v. BROWN.

1. **Criminal Law: EVIDENCE: CONFESSION.** A confession of the commission of a crime, when voluntarily and freely made, is entitled to the highest credit, and to the greatest weight as evidence.

*Appeal from Polk District Court.*

SATURDAY, APRIL 20.

THE defendant was indicted for the embezzlement of two hundred and seventy-eight dollars, in money, belonging to one Bowman. Upon a trial he was convicted, and sentenced to the penitentiary for one year. Defendant appeals.

*M. D. McHenry*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

ROTHROCK, CH. J.—I. Bowman was the general agent of the Washington Life Insurance Company, of New York. As such agent he collected the annual premiums due from policy-holders, and made monthly remittances to the general office. The defendant was employed by Bowman as his clerk and book-keeper. All the business between the company and Bowman was done in the name of Bowman, and defendant had no connection with the company, excepting as the employe of Bowman.

The State v. Brown.

About April 1, 1877, the defendant was taken sick, and called a physician, who prescribed for him. As the physician was about leaving, defendant told him that he had a confession to make; that he had been taking money from the office. The physician cautioned him to stop, but defendant insisted on stating that for three or four months before that he had been taking money which was collected from policy-holders. He asked the physician if he thought Bowman would put him in jail, and what he thought he had better do. The physician replied that Bowman was a just man, and would not go beyond justice with him, and that he had better send for him, which he did.

Bowman went to defendant's room, where defendant made a voluntary confession to him, giving the particulars as to the manner in which he appropriated the money, and produced a pocket diary, and another small book showing the amount he had taken. These confessions were freely and voluntarily made on the defendant's own motion, without solicitation from any one. The books and accounts of the office showed that some one had been appropriating the premiums.

**1. CRIMINAL law : evidence: confession.**

The defendant asked the court to instruct the jury as follows:

"Confessions alleged to have been made by the prisoner in the presence of the prosecutor alone, or in the presence of the prosecutor and one or more of his select friends, are the weakest of all testimony deemed competent in law, and should be received and considered as such, and confessions made in the presence of any one witness alone are deemed in law as weak and unsatisfactory, unless corroborated by other testimony."

This instruction was refused, and the court instructed the jury in these words:

"When it is shown that a public offense has been committed, free and voluntary confessions of guilt, or of facts necessarily tending to show his guilt, by the party accused, are, by the law, presumed to be true, and are entitled to the highest credit

and greatest weight as evidence of such fact or facts; but such confessions will not warrant a conviction, unless they are accompanied by other evidence that the crime has been committed."

We think the instruction asked by defendant was properly refused. A voluntary confession of crime is not the weakest of all testimony deemed competent in law. It is true, evidence of a confession should be examined with care; but when it is clearly established, whether made in the presence of the prosecutor or his friends, or to one person alone, if made voluntarily, it should not be regarded as weak and unsatisfactory.

The instruction given by the court upon this subject, when considered in the light of the facts of the case, was correct. The evidence, without conflict, showed a free and voluntary confession of the crime, with all its particulars. In such cases the confession is entitled to the highest credit and greatest weight as evidence. Wharton's American Criminal Law, 313; 1 Greenleaf on Evidence, § 215.

II. There was evidence introduced which tended to show that, at the time the defendant confessed the crime, he was sick, his mental faculties were weakened, and he was agitated and disturbed in his mind.

An instruction was asked that the condition of the mind of defendant should be considered in estimating the weight to be given to the proof of the confessions.

This was refused, but the court, on its own motion, instructed that the mental condition of defendant should be considered, "solely for the purpose of determining whether he had sufficient mental power, capacity and control to know what he was at the time saying, and whether such statements were freely and voluntarily made by him, and whether they were true."

There was no error in this action of the court. The instruction asked and that given are in substance the same. Counsel for defendant urges that there was evidence that the

defendant's mind was impaired at the time the alleged criminal acts were committed, and that the court should not have limited the jury to a consideration of the condition of mind at the time the confessions were made.

No instruction was asked based upon the thought that defendant was insane when he appropriated the money. If such instruction had been asked we think it would have been properly refused, for want of evidence to make it appropriate to the case.

III. The defendant asked that the jury be instructed that he be found not guilty, unless it was proven that he embezzled the money of Bowman. This was refused, but the court did instruct the jury that if the money belonged to the life insurance company, and Bowman had no interest therein, or any part of it, then the allegation that the money was the money of Bowman was not sustained by the proof.

There was no error in this. The court gave proper instruction as to what constituted ownership of the money, and the evidence fully warranted the jury in finding that it was the money of Bowman. Considering the relation of the defendant to Bowman, and the relation of the latter to the life insurance company, the jury could not have fairly found otherwise than they did as to the ownership of the money. The judgment must be

Affirmed.